# IN THE COURT OF APPEALS OF IOWA

No. 20-0210
Filed April 29, 2020

**IN THE INTEREST OF S.R.,**
**Minor Child,**

**K.R., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Jessica R. Noll of Deck Law PLC, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Theresa Rachel, Sioux City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2017,[1] pursuant to Iowa Code section 232.116(1)(d), (e), (h), (i), and (*l*) (2019).[2] She challenges the sufficiency of the evidence supporting the statutory grounds for termination and argues the child's best interests require the establishment of a guardianship in relatives.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

We first address the sufficiency of the evidence supporting termination. At the time of the termination hearing, the mother was incarcerated. She planned to plead guilty to a pending criminal charge and, pursuant to the plea agreement, was to be sentenced to a term of imprisonment not to exceed twelve years, although she testified to her expectation of release within twelve to eighteen months. The mother acknowledged she was using methamphetamine prior to her incarceration and she suffers from a severe substance-related disorder and poses a danger to herself or others. In the six months leading up to the termination hearing, the mother had not provided the child any financial resources or attempted to contact the child. Upon our de novo review of the record, we conclude the State met its burden to show the child could not be returned to the mother's care at the time of

---

[1] The mother has three other children, ages nine, ten, and eleven. They live in Wisconsin and are under the guardianship of their paternal uncle.
[2] The child's father was never identified. The juvenile court also terminated the parental rights of any unknown father. No father appeals.

the termination hearing and termination was justified under at least section 232.116(1)(h). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

We turn to the child's best interests and the mother's request for the establishment of a guardianship in a maternal aunt and uncle. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We begin with the principle that "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(3) requires "a judicial determination that [such a] planned permanent living arrangement is the best permanency plan for the child." *See B.T.*, 894 N.W.2d at 32–33. Determining the best permanency plan for a child is a best-interests assessment. A guardianship, rather than termination, would not promote stability or provide permanency to this young child's life. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody."). Upon our de novo review, we agree with the juvenile court that establishing a guardianship in lieu of termination is not the best

permanency option in this case, and we affirm the termination of the mother's rights.

**AFFIRMED.**